JOHN W. GOBER V. STATE

No. 34,361. February 28, 1962
Motion for Rehearing Overruled April 11, 1962

Appellant represented himself.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Neil Mc-Kay, David Ball, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, two years.

The evidence shows that Mrs. Ruth Storey left her home on Sunday morning with the doors and windows closed; that when she returned from church the house was as she described it "in a complete turmoil, drawers had been pulled out and drawers opened and some things had been pulled out of a kitchen cabinet."

Among the property missing was a .38 caliber pistol described as a "thumbuster" which was introduced in evidence at the trial as State's Exhibit 1. Mrs. Storey identified said pistol as one of the two that were missing. She testified that she did not give appellant permission to break into the house or to take the pistols.

J. E. Storey, brother of Ruth Storey's deceased husband, recognized the pistol when the witness Honyea was offering to sell it at the Tiny To-Tem store run by Bob Cummings four days later.

Honyea testified that he obtained the pistol and another one, an automatic, from appellant; that he loaned appellant $15 on the pistols, and thereafter appellant paid him $2.50 and repossessed the automatic pistol and "said I could have the other pistol for the rest of the money".

Honyea further testified that when J. E. Storey identified the pistol he waited, as he was asked to do, until police arrived, then was taken to the police station where he made a statement.

Police Officer Don Moffett testified that appellant came to

his office with an attorney and "said he burglarized the place and took the pistol, but was not going to make a statement about it".

Appellant did not testify, but called Earl Sony who testified that on the Sunday in question he and appellant went to Galveston early in the morning and returned around 5 or 5:30 P.M.

The jury rejected the claim of alibi and the evidence is sufficient to sustain their verdict.

No brief has been filed in appellant's behalf, and there are no formal bills of exception; no objections or exceptions relating to the court's charge and no informal bills of exception that merit discussion.

The judgment is affirmed.